**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Century Industries, Inc., being sued as Century Industries Company, a Canadian corporation and Peter B. Hutton,

Civil No. 01-103 (DWF/AJB)

Plaintiffs,

**MEMORANDUM OPINION AND ORDER**

v.

Rosemount Inc., a Minnesota corporation,

Defendant.

---

Thomas Pavelko, Esq., Stevens, Davis, Miller & Mosher, 1615 L Street, Suite 850, Washington, D.C. 20036, and Daniel Maertens, Esq., Fredrikson & Byron, 1100 International Center, 900 Second Avenue South, Minneapolis, MN 55402-3787, appeared on behalf of Plaintiffs.

Steven Rau, Esq., and Lori Semke, Esq., Flynn & Gaskins, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402, appeared on behalf of Defendant.

---

The above-entitled matter came on for a telephone conference before the undersigned United States District Judge on May 4, 2001. Plaintiff requested that the Court grant a temporary stay of the transfer of the '224 patent to the Defendant; Plaintiff wishes to apply for an interlocutory appeal of the Court's May 3, 2001, Order denying a preliminary injunction of that patent transfer.

In its May 3, 2001, Order, the Court found that a preliminary injunction was inappropriate because Plaintiff had failed to demonstrate that it was likely to be entitled to the remedy of rescission. The Court's opinion on that issue has not changed. The Court went on to note that the balance of equities did not favor either party: both parties claim a right to the property (the patent), and one will necessarily be deprived of it.

MAY 04 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Century argues, however, that Rosemount's stated intention not to enforce the patent should have affected the Court's analysis. Essentially, Century's argument is that the two parties are disputing over property and Rosemount, if it receives the property on May 6, intends to destroy it. Even assuming that is true, and that the balance of harms weighs in favor of Century, the Court's conclusion would not change.

To be entitled to a preliminary injunction, Century must show a likelihood of success on the merits. While the balance of equities might reduce Century's burden with respect to its showing on the merits, it cannot eliminate that burden altogether. At a minimum, Century must show some realistic chance of being entitled to rescission of the contract. The Court simply cannot fathom that, after *five years* of sitting on their rights, Century will be entitled to the equitable relief of rescission–especially at the extreme prejudice to Rosemount, which cannot be put back in the position it was in five years ago and which has already devoted considerable expense (in terms of direct royalties, indirect royalties, and opportunity costs) to performing on this contract.

Although the Court continues to stand by its position that Rosemount's property right in the patent is every bit as significant as Century's right in the patent, the balance of harms analysis was ultimately not the deciding factor in the Court's decision. As the Court made quite clear in its May 3 Order, the most compelling factor in the Court's decision was Century's inability to show more than the most desperately slim chance of succeeding on its rescission claim. None of Century's arguments today change that.

However, in recognition of Century's contention that Rosemount intends to "waste" the property in dispute and in light of the relatively minimal burden it will place on Rosemount, the Court concludes that some temporary relief is in order. Specifically, the Court will enter a

two-week "stay" ordering Rosemount to maintain the integrity of the patent during the duration of that stay. The Court contemplates that the two week window will provide Century with an opportunity to apply to the Eighth Circuit for an interlocutory appeal; absent an order from the Eighth Circuit extending the stay, the stay will expire at the close of business on May 18, 2001.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant Rosemount, Inc., shall do nothing to compromise the integrity and/or value of U.S. Patent No. 5,277,224 (which will be assigned to it on May 6, 2001) until at least 5:00 p.m. C.D.T. on May 18, 2001;

2. Plaintiff Century Industries, Inc., shall post a bond with this Court of $15,000, no later than 5:00 p.m. C.D.T. on May 7, 2001.

Dated: May 4, 2001

DONOVAN W. FRANK
Judge of United States District Court