UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CENTURY INDUSTRIES, INC., ET AL., Case No. 01-103 DWF/AJB

Plaintiffs,

v. ORDER

ROSEMOUNT, INC.,

Defendant.

---

WHEREAS, the Court has considered a motion jointly filed by the parties on the terms to be included in a protective order, and

WHEREAS, the Court has considered the arguments of the parties,

NOW THEREFORE, THE COURT HEREBY ORDERS that the attached Protective Order shall govern the production of confidential matters in this matter.

Dated: 8/8/01

ARTHUR J. BOYLAN
United States Magistrate Judge

FILED AUG 08 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION**

| | |
|---|---|
| CENTURY INDUSTRIES, INC., ET AL., Plaintiffs, v. ROSEMOUNT, INC. Defendant. | CIVIL NO.: 01-103 DWF/AJB **PROTECTIVE ORDER** |

For good cause shown, the court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby enters this Protective Order.

IT IS HEREBY ORDERED THAT:

1. This Protective Order governs the handling of all documents, deposition testimony and exhibits, interrogatory answers, requests to admit and responses thereto, and other written, recorded or graphic matter, and information therein, provided by or produced by any party or non-party ("producing party") to any other party ("receiving party") during discovery in the captioned civil action as well as any material submitted during discovery periods in connection with this proceeding or in connection with any material submitted to the Court (hereinafter referred to as "Discovery Material"). Any non-party producing Discovery Material for this civil action may designate the Discovery Material in accord with the terms of this Stipulated Protective Order.

2. At or prior to disclosure, a party or non-party may designate any Discovery Material produced in this action either as "Confidential" or "Attorney Eyes Only" under the terms of this Protective Order by stamping those words on the face of documents containing such



FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

information, or as provided in numbered paragraph 6. In designating Discovery Material as "Confidential" a party or non-party certifies in good faith that such material is a trade secret or other confidential research, development, or commercial information or otherwise within the scope of Rule 26(c), Fed. R. Civ. P., or the precedents thereto. Alternatively, in designating Discovery Material as "Attorney Eyes Only" a party or non-party certifies in good faith that such material is not only "Confidential" as that term is defined herein, but in addition the disclosure of such information to the receiving party may injure the producing party in its trade or business. Such designations extend to both the material so designated and to the substance of the materials so designated and information therein. Within three (3) business days after producing material which was inadvertently not designated as "Confidential" or "Attorney Eyes Only," a producing party may designate such material as "Confidential" or "Attorney Eyes Only" and the receiving party shall after receipt of the designation treat the material as "Confidential" or "Attorney Eyes Only" but there shall be no sanction or recourse for the disclosure of such undesignated material prior to the receipt of the late designation as "Confidential" or "Attorney Eyes Only". The creation and production of a log identifying documents and things privileged from production will be governed by the Federal Rules of Civil Procedure.

3. Material designated "Confidential" will not be copied , disclosed, or otherwise revealed to any person or entity other than the following:

a) Attorneys of record and their staff (including outside copying services and messengers) directly involved in the analysis and/or preparation of the above-entitled action for trial but solely for such purposes, and for no other purpose;

b) Outside experts and other persons directly involved at the request of an attorney of record in the analysis and/or preparation of the above-captioned civil action for trial

but solely for such purposes, and for no other purpose;

c) The Court, court personnel, court or stenographic or videographic reporters and the staff of such reporters directly involved in the preparation of a transcript of proceedings in the above-captioned civil action, the jury, and trial witnesses, and any mediators directly involved in attempting to resolve the captioned civil action all of whom may have such access solely to the extent that it is necessary in the litigation of the above-captioned civil action and for no other purposes; and,

d) The parties and their employees, officers, and directors to the extent that an attorney of record, in good faith, requires such parties or persons to review the information in connection with the attorney's analysis and/or preparation of the above-captioned civil action for trial but solely for such purposes, and for no other purpose.

4. Material designated as "Attorney Eyes Only" will not be copied, disclosed, or otherwise revealed to any person or entity other than those who may have access to "Confidential" information pursuant to the provisions of numbered paragraph 3.a) - c). In the event counsel for the receiving party believes it necessary to the preparation in this civil action for deposition, trial, or hearing that Discovery Material designated as "Attorney Eyes Only" be shared with the receiving party, then that counsel may submit a copy of the attached Confidentiality Agreement signed by the receiving party's representative(s) to whom the disclosure will be made along with a request to the producing party's counsel to provide (a) with respect to specified Discovery Material designated as containing "Attorney Eyes Only" material which Discovery Material counsel for the receiving party wants to share with the receiving party's representative(s), an identification of the information contained within the "Attorney Eyes Only" Discovery Material that cannot be shared with the receiving party's

representative(s); and (b) a brief explanation of the producing party's concerns surrounding the disclosure of such information to the receiving party's representative(s). The producing party shall respond to such a request within three (3) business days. If the counsel for the receiving party is not satisfied with the producing party's explanation, and if the parties do not resolve their differences with respect to the disclosure of such information to the receiving party, then counsel for the receiving party shall have the burden of obtaining from the Court an order permitting disclosure. While such application is pending, no disclosures may be made by counsel for the receiving party to the receiving party. Once the producing party has submitted its explanation(s), the receiving party's counsel may share with the receiving party's representatives who submit signed Exhibits A all specified Discovery Material not identified by the producing party as information that can not be shared with the receiving party's representatives. Nothing in this Order shall prevent a counsel of record from discussing with his client in this proceeding the general impact of "Attorney Eyes Only" Discovery Material on the captioned civil action and his client's position (but the specific details and a copy of "Attorney Eyes Only" Discovery Material may not be disclosed).

5. No person being deposed may be shown or otherwise have disclosed to him discovery material designated as "Confidential" or "Attorney Eyes Only" except as provided in this Protective Order or to which Discovery Material the deponent would otherwise have had lawful access; provided however, that nothing herein shall prevent use by the receiving party of any "Confidential" or "Attorney Eyes Only" Discovery Material of a producing party in a deposition of (a) any employee, officer or director of that producing party or other person designated to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) by the producing party if such information would have been available to said witness from the producing party's files;

(b) any person not affiliated with the producing party, as long as such person either authored, lawfully received, or had prior lawful access to the Discovery Material designated as "Confidential" or "Attorney Eyes Only".

6. If counsel of record for any party believes that testimony upon oral examination discloses "Confidential" or "Attorney Eyes Only" Discovery Material of that party, such counsel shall notify opposing counsel, and such testimony shall be separately bound by the reporter and marked as provided in paragraph 9. The producing party or a non-party witness may, in good faith, on the record of the deposition or testimony or by written notice to counsel for all parties no later than three (3) business days after receipt of a deposition transcript, designate all or any portion thereof as "Confidential" and/or "Attorney Eyes Only" under the terms of this Protective Order. During and until the three (3) business day period expires, all transcripts and the information contained therein will be deemed "Attorney Eyes Only" information in their entirety under the terms of this Protective Order. Deposition testimony using or revealing "Confidential" or "Attorney Eyes Only" information shall be taken only in the presence of persons authorized to have access to such information by this Protective Order.

7. If any party objects to a designation of information as "Confidential" or "Attorney Eyes Only," that party may, at any time, notify the designating party or entity in writing that the propriety of the designation of any document or information as "Confidential" and/or "Attorney Eyes Only" is disputed. The parties to the dispute will first try to resolve such dispute on an informal basis. If necessary, application may be made to the Court by the party seeking to challenge the designation of "Confidential" or "Attorney Eyes Only" and the challenging party may, if requested by the Court, submit the disputed material under seal as provided in paragraph 10 for in camera review by the Court. Should application be made to the Court seeking relief

from a designation of "Confidential" or "Attorney Eyes Only", the designated confidential status of the information shall be maintained until a final ruling on the application by the Court. Each party will undertake, to the extent possible, to object to the confidential status of as much "Confidential" or "Attorney Eyes Only" as possible in one application to avoid multiple proceedings seeking relief.

8. Subject to the provisions of numbered paragraph 9 below, all persons described in numbered paragraphs 3 and/or 4 above to whom counsel of record discloses any "Confidential" or "Attorney Eyes Only" Discovery Material or the substance of "Confidential" or "Attorney Eyes Only" Discovery Material (other than the Court, court personnel, court or stenographic or videographic reporters and such reporters staff, the jury, and trial witnesses) shall agree to be bound by the terms of this Order before such disclosure is made and shall signify such agreement by signing a copy of the Confidentiality Agreement in the form annexed hereto as Exhibit A. It shall be the responsibility of counsel of record who discloses any "Confidential" or "Attorney Eyes Only" Discovery Material to ensure that the persons who must sign the attached Confidentiality Agreement before being granted access to "Confidential" or "Attorney Eyes Only" Discovery Material by counsel of record as set forth in paragraphs 3 and/or 4 fully comply with the Confidentiality Agreement. Counsel of record for each party shall maintain a true and correct original of each Confidentiality Agreement executed in accord with this Order by persons to whom such counsel has granted access to "Confidential" or "Attorney Eyes Only" Discovery Material.

9. All motion papers, memoranda, affidavits, exhibits, transcripts and other papers (collectively "Court papers") prepared in this proceeding or to be filed with the Court that contain copies of or disclose the contents of all or any portion of any "Confidential" or "Attorney

Eyes Only" Discovery Material shall be marked with the title of the proceeding and words to the effect of: "CONFIDENTIAL: NOT TO BE OPENED OR REVIEWED EXCEPT PURSUANT TO COURT ORDER"; shall be filed with the Court under seal, and, until further order of the Court, shall not be made available to anyone other than as set forth in this Protective Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal. Any Court papers proposed to be filed with any other tribunal or Court in connection with this proceeding shall be likewise marked and shall not be filed unless and until arrangements are made with the clerk of said tribunal or Court to maintain such papers under seal as provided in this paragraph.

10. The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties consenting thereto. The final determination or settlement of this proceeding shall not relieve any person who has received any "Confidential" or "Attorney Eyes Only" Discovery Material or agreed to be bound by the terms of this Order in accordance with numbered paragraph 8 hereof from the obligations imposed by this Order and the Court shall retain jurisdiction after such final determination or settlement to take appropriate action to enforce the provisions of this Order. Notwithstanding the foregoing, within thirty (30) days after the final determination or settlement of this proceeding (including any appeals), all "Confidential" or "Attorney Eyes Only" Discovery Material and copies thereof except to the extent contained in depositions or papers filed with the Court shall, at the option of counsel of record for the parties who have been provided with such material, either (a) be returned to counsel for those persons who produced such "Confidential" or "Attorney Eyes Only" Discovery Material or (b) be destroyed along with any summaries or notes containing same, and counsel for the parties who received "Confidential" or "Attorney

Eyes Only" Discovery Material shall promptly certify in writing to counsel for the persons who furnished said "Confidential" or "Attorney Eyes Only" Discovery Material that, to the best of counsel's knowledge and belief, all "Confidential" or "Attorney Eyes Only" Discovery Material and any summaries or notes containing same have been returned or destroyed to the extent required by this Order. Nothing in this paragraph shall be interpreted to require counsel of record to destroy any copy of the pleadings or its work product which paraphrases, or contains a verbatim copy of, or contains an extract of "Confidential" or "Attorney Eyes Only" Discovery Material reasonably necessary to be maintained for archival purposes.

11. No party hereto shall be deemed to have waived any other objection to discovery or to the use of "Confidential" or "Attorney Eyes Only" Discovery Material or writings in the captioned civil action with the exception that no party to the captioned civil action shall be entitled to claim that the protections established by the Court in this Order are insufficient to safeguard their "Confidential" or "Attorney Eyes Only" Discovery Material during discovery. Nothing in this Protective Order shall prevent a party or non-party from seeking, or the Court from granting, additional protection for trial or a court hearing for material or testimony designated as "Confidential" or "Attorney Eyes Only".

12. Neither the designation of Discovery Material as "Confidential" or "Attorney Eyes Only" nor the failure to object to any other party's designation of Discovery Material as "Confidential" or "Attorney Eyes Only" is an admission that such information does or does not constitute a trade secret or information entitled to protection under any legal theory.

13. This Order shall not apply to items or information that are or become publicly available other than through the actions of the receiving party in violation of this Order, or that any party obtains or has obtained from any source, other than those specified in paragraph 1

above, provided said party has no knowledge, information, or reason to believe that said source wrongfully obtained the information or is disclosing such information in violation of this Order.

14. This Order may be amended by a stipulation of the parties subject to the approval of the Court. Any party hereto may apply to the Court for modification of this Order, provided, however, that the modifications will not harm the rights and interests of producing parties as described above and will not be made merely to accommodate an intervenor's desire to inspect protected documents or testimony or information.

IT IS SO ORDERED.

Dated: 8/8/01

ARTHUR J. BOYLAN
United States Magistrate Judge

CentRoseprotordD5MW67.doc

EXHIBIT A TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**THIRD DIVISION**

| | | |
|---|---|---|
| CENTURY INDUSTRIES, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ROSEMOUNT, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.: 01-103 DWF/AJB |

**CONFIDENTIALITY AGREEMENT**

I acknowledge that I have read and understand the attached Protective Order entered in the above-captioned proceeding by the United States District Court for the District of Minnesota. I agree to abide by its terms and conditions. I also understand that any violation of said Order by me or anyone acting under my direction will subject me to appropriate penalties.

Dated: _______________

_____________________________
Signature

_____________________________
Name (printed)

AUG - 8 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500