**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Century Industries Company, a Canadian corporation, and Peter B. Hutton,

Plaintiffs,

v.

Rosemount Inc.,

Defendant.

Civil No. 01-103 DWF/AJB

**ORDER ON MOTION TO AMEND PLEADINGS AND MOTION TO COMPEL**

This matter came before the Honorable Arthur J. Boylan, Magistrate Judge of the United States District Court, District of Minnesota, in Room 638, U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota, 55101, on February 20, 2002, for hearing on Plaintiffs' Motion to Amend Complaint and Motion to Compel Discovery, and for hearing on Defendant's Motion to Amend Answer and Counter-claim and Motion to file a Third-Party Complaint. Thomas Pavelko, Esq. represented Plaintiffs. Jeannine L. Lee, Esq. and Lori D. Semke, Esq. represented Defendant.

Based on the file, records, affidavits, and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Amend Complaint [Docket No. 68] to include claims under Minnesota's Deceptive Trade Practices Act, MINN. STAT. § 325D.44(8,13), and to allege punitive damages, MINN. STAT. § 549.191 et seq., is **denied**. The Court finds that Plaintiff's motion would unnecessarily extend the scope of discovery, and would unduly delay the resolution of this case. Further, the Court finds that

MAR - 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

fact allegations have not been presented that would be sufficient to support a claim for punitive damages.

2. Plaintiffs' Motion to Compel Discovery [Docket No. 75] is **granted**. Defendant is hereby required to provide Plaintiffs with a more detailed privilege log. The log shall comply with ABA Civil Discovery Standard 26(a), and shall thereby state with respect to each document:

- the type of document (e.g., letter, memo, etc.), its length and a description of any attachments claimed to be privileged;
- its general subject matter;
- the date on the document or the date it was created;
- the document's author(s), including last known address;
- each addressee or recipient, including last known address, and recipient's relation to the author(s); and
- the type of privilege (e.g., attorney-client privilege, work product, etc.) being claimed.

ABA CIVIL DISCOVERY STANDARDS § 26(a) (August 1999) (attached for reference). The Court notes that Defendant provided Plaintiff with a privilege log, and Defendant contends that providing a more detailed log would represent a breach of ethics. To the contrary, the Court finds that Defendant's identification and description of privilege documents was insufficient to afford Plaintiff an

opportunity to challenge a privilege claim, and providing the above-described information is not a violation of ethical obligations.

3. Defendant's Motion to Amend Answer and Counter-claim [Docket No. 65] is **denied**.

4. Defendant's motion to amend to include the claims of overpayment of technology transfer fees, breach of settlement agreement regarding reissue of patent, and improper termination of licensee are **denied**. The Court finds that inclusion of Defendant's additional counter-claims would unnecessarily extend the scope of discovery and would unduly delay the resolution of this case.

5. Defendant's Motion to file Third-Party Complaint to include a claim of tortious interference against Anderson Greenwood & Co. is **denied**. The Court finds that Defendant's claim is not a necessary part of this litigation and is untimely for reasons stated above with respect to discovery and case resolution.

Date: 3/8/02

ARTHUR J. BOYLAN
United States Magistrate Judge

26. Information Supporting a Claim of Privilege. Except as provided by Standard 27, the following information ordinarily should be provided to support a claim of privilege unless doing so would disclose the privileged information itself.

a. For a Document.

i. The type of document (e.g., letter, memo), its length and a description of any enclosures or accompanying documents claimed to be privileged. Any enclosure or accompanying document that is not claimed to be privileged in and of itself should be produced unless it would somehow disclose the information claimed to be privileged or result in a waiver of the privilege.

ii. Its general subject matter.

iii. The date on the document and/or when it was created; if there is no specific date, a best estimate of when it was created.

iv. Its author(s), including for each his or her last known address.

v. Each addressee and/or recipient, including his or her last known address, and, if not apparent, his or her relationship to the author(s).

vi. The type of privilege (e.g., attorney-client privilege, work product, etc.) being claimed.

b. For an Oral or Other Non-Written Communication.

i. The name of the person making the communication, any person present when the communication was made and for each his or her last known address.

ii. The date and place it was made.

iii. Its general subject matter.

iv. The type of privilege (e.g., attorney-client privilege, work product, etc.) being claimed.

c. **Deleted or Redacted Information. Any deleted, redacted or withheld portion of a document or communication should be clearly identified as deleted and redacted on the ground of privilege and the same information described above should be provided to support the claim of privilege. If some, but not all, of the information on a document or in a communication is withheld on the ground that it is not relevant or not responsive to a discovery request, this fact should also be clearly stated along with the grounds for not producing it.**

Comment

Most courts require that a party must provide enough information about documents or information claimed as privileged so that the requesting party can assess the claim and, if a motion is filed, the court can then rule on it. *E.g.*, Fed. R. Civ. P. 26(b)(5); *see also* Cal. Civ. Proc. Code § 2031(f)(3) (items not produced and the basis for objection must be identified "with particularity"); Wellpoint Health Networks, Inc. v. Superior Court, 68 Cal. Rptr. 2d 844, 857 (Ct. App. 1997) (privilege log must be sufficiently specific to make a determination of the validity of the privilege claim); Tex. R. Civ. P. 193.3(b) (same).

Many court rules and decisions require a "privilege log" that gives a document-by-document basis for the privilege(s) claimed for each withheld document. *E.g.*, U.S.D.C. - S.D.N.Y. Civil Rule 26.2(a)(2)(A) (type, subject matter, date, author(s), addressee(s) and relationship of author(s) and addressee(s)); U.S.D.C. - E.D.N.Y. Standing Order on Effective Discovery, Rule 21 (requiring similar information for depositions and document productions); N.Y. C.P.L.R. 3122(b); William W Schwarzer et al., *Federal Civil Procedure Before Trial* § 11:34.1-.4 (1997) (suggesting similar information for a privilege log); United States v. Construction Prods. Research, 73 F.3d 464, 473 (2d Cir.), *cert. denied*, 519 U.S. 927 (1996) (a "party asserting the privilege must establish the essential elements of the privilege"; a cursory description of individual documents is insufficient); Eureka Fin. Corp. v. Hartford Accident. & Indem. Co., 136 F.R.D. 179, 182 (E.D. Cal. 1991) (privilege waived where "blanket objections" did not specifically identify each document and the basis for the claimed privilege); *Wellpoint Health Networks*, 68 Cal. Rptr. 2d 844.

These requirements also are appropriate given that the burden normally rests with the party claiming a privilege to support it. *E.g.*, Construction Prods. Research, 73 F.3d at 473; Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).