**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

CENTURY INDUSTRIES, INC., ET AL.,

Plaintiffs,

v.

ROSEMOUNT, INC.,

Defendant.

Civil No. 01-103 DWF/AJB

**ORDER**

The above matter came before the Court on the parties' cross-motions regarding various discovery issues. In an Order dated March 7, 2002, the Court partially addressed the motions and took the remaining issues under advisement. Now, based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED that:

1. The rest of Plaintiffs' motion is **denied** [Docket No. 91];

2. The rest of Defendant's motion is **dismissed in part, granted in part and denied in part, as stated herein** [Docket No. 94];

3. To the extent that it relates to a privilege log and to outstanding document requests, Defendant's motion is moot and therefore dismissed without prejudice;

4. Plaintiffs' Supplemental Answer to Interrogatory 5 was appropriately designated "Attorney's Eyes Only";

5. Plaintiffs' Supplemental Answers to Interrogatories 7 & 17 should not have any confidential designation whatsoever;

6. Plaintiffs' Supplemental Answers to Interrogatories 10, 12, 14, & 16 should be re-

MAR 26 2002
FILED
RICHARD D.
JUDGMENT
DEPUTY CLERK

designated "Confidential";

7. As it relates to Plaintiffs' Supplemental Answer to Interrogatory 8, Defendant's motion is denied because Defendant did not submit any relevant material for the Court's review;

8. Plaintiffs' Doc. Nos. 103381-82 & 104414-20 were appropriately designated "Attorney's Eyes Only";

9. Plaintiffs' Doc. Nos. 104442, 104443-46, 105100 & 105101 should be re-designated "Confidential";

10. The declaration of John Cameron, which was submitted in support of Plaintiffs' motion to amend, should be re-designated "Confidential";

11. With respect to all documents which were designated "Confidential" and are listed at Exhibit A to Jeannine Lee's November 15, 2001 letter, Plaintiffs shall reassess the confidentially designation in accordance with the Court's memorandum below, on or before March 29, 2002;

12. Defendant's Doc. Nos. R-0021461-63 shall be immediately returned to Defendant and Plaintiffs are barred from using the documents; and

13. All requests for fees and costs are denied.

Dated: 3/25/02

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

### A. Plaintiffs' Motion

Plaintiffs brought a motion to compel (1) certain opinions of Defendant's counsel, (2) documents relating to prior litigation of Defendant, (3) personnel files of Defendant's current or former employees, (4) documents relating to Defendant's consideration of alternatives to the 3051 platform and (5) non-redacted versions of several documents. In the March 7 Order, the Court denied Plaintiffs' motion, to the extent that it sought the personnel files, and the Court took the remaining issues under advisement. Now, the rest of Plaintiffs' motion is denied.

With respect to Plaintiffs' request for non-redacted versions of several documents, Defendant has assured the Court that the at-issue documents were not redacted and that the documents produced were fully responsive to Plaintiffs' request. The Court has no reason to doubt this representation.

With respect to Plaintiffs' request for documents relating to prior litigation and to possible alternatives to the 3051 platform, Plaintiffs have failed to demonstrate the relevancy of this information.

With respect to Plaintiffs' request for opinions of Defendant's counsel, this information is protected by the attorney-client privilege. At the trial on this matter, Defendant shall not introduce the at-issue opinions.

### B. Defendant's Motion

Defendant's motion seeks an order (1) compelling discovery, (2) for the return of privileged documents, (3) re-designating certain documents produced by Plaintiffs and (4) protecting certain persons from noticed discovery. In the March 7 Order, the Court (1) denied

Defendant's motion, to the extent that it sought protection from noticed depositions and (2) struck Defendant's motion, to the extent that it sought answers to interrogatories. Now, the rest of Defendant's motion is dismissed in part, denied in part and granted in part.

Defendant's motion seeks the production of documents and a privilege log. Since the hearing on this matter, the parties have met and conferred regarding all outstanding discovery disputes. Now, the dispute appears resolved, to the extent it relates to the production of a privilege log and all outstanding document requests. To that extent, Defendant's motion is moot. When drafting a privilege log, however, the parties should be mindful of the principles set forth in the Court's March 8, 2002 Order, wherein Defendant was ordered to produce a privilege log.

Defendant's motion also seeks the re-designation of certain documents, which Plaintiffs designated as "Attorney's Eyes Only."[1] In opposition, Plaintiffs contend that some of the at-issue documents possess "intrinsic value." The Court, however, is not concerned with intrinsic value, but instead, on whether disclosure could injure Plaintiffs. After reviewing the at-issue documents, and after giving Plaintiffs' the benefit of the doubt, the Court concludes that many of Plaintiffs' designations were not justified. The Court is not persuaded by the vague and conclusory statements offered by the Declaration of John Cameron.

Defendant's motion also seeks the re-designation of certain documents, which Plaintiffs designated as "Confidential."[2] In opposition, Plaintiffs argue that these documents are subject to

---

[1]Since the hearing on this matter, the parties have met and conferred regarding all outstanding discovery issues. It has now been represented that the parties have resolved the re-designation issues, with respect to the following: (1) Plaintiffs' Doc. Nos. 105102 & 104441; (2) Plaintiffs' Supplemental Answers to Interrogatories 1, 2, 3, 4, 6, 9, 11, 13, 15, 18, 19 & 20; and (3) Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Leave to Amend, etc.

[2]These documents are listed at Exhibit A to Jeannine Lee's November 15, 2001 letter, which has been submitted as Exhibit 6 to the Affidavit of Jeannine L. Lee in support of Defendant's motion.

a series of confidentiality agreements between the parties and therefore, are subject to the Protective Order in this case. The Court does not dispute that at-issue documents are subject to prior confidentiality agreements. The Court declines, however, to allow the terms of the prior confidentiality agreements to be expanded by the Protective Order in this case. In other words, when making designations in this case, a document should be tested against the Protective Order, as if the prior confidentiality agreements did not exist.

Defendant also seeks the return of several documents, which Defendant contends were produced inadvertently. In opposition, Plaintiffs first contend that the disclosures were not inadvertent. Plaintiffs point to several facts that indicate the at-issue documents were reviewed before being produced. Plaintiffs insist that, because the documents were reviewed, they must have been produced purposefully. There has been no dispute, however, that the documents were reviewed before being produced. Instead, defense counsel–as an officer of the Court–represents that the documents were accidently produced despite having been reviewed. The Court is not prepared to reject this representation.

Next, Plaintiffs argue that the interests of justice would be ill-served by ordering the documents returned, because two of the documents demonstrate Defendant's alleged fraud. After reviewing the allegations in the complaint, and after reviewing the at-issue documents, the Court is unable to track Plaintiffs' reasoning. The Court does not conclude that the at-issue documents provide "smoking gun" evidence, as Plaintiffs allege.

Plaintiffs also suggest that the at-issue documents should remain available due to Plaintiffs' substantial need and because the information would be impossible to obtain through other means. This reasoning applies only to work product. The only at-issue document that is

work product is the document designated R-0021461. There is no apparent substantial need for this document.

Finally, the Court concludes that, if given the opportunity the Minnesota Supreme Court would adopt the Hydraflow test, as discussed in Starway v. Independent School District No. 625, 187 F.R.D. 595, 597 (D. Minn. 1999). The Court has considered the present dispute in light of the Hydraflow factors, and concludes that the at-issue documents should be returned.

AJB