**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Century Industries Company, being sued as Century Industries Company,a Canadian corporation and Peter B. Hutton,

Plaintiffs,

v.

Rosemount Inc., a Minnesota corporation,

Defendant.

Civil No. 01-103 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Daniel J. Maertens, Esq., Lora E. Mitchell, Esq., and Robin L. Preble, Esq., Fredrikson & Byron, 1100 International Center, 900 Second Avenue South, Minneapolis, MN 55402-3787; Thomas P. Pavelko, Esq.,and Peter Peckarsky, Esq., Stevens Davis Miller & Mosher, 1615 L Street, Suite 850, Washington, DC 20036, counsel for Plaintiffs.

Steven E. Rau, Esq., Jeannine L. Lee, Esq., and Lori D. Semke, Esq., Flynn Gaskins & Bennett, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for Defendant.

---

This matter is before the Court upon Plaintiffs' appeal of Magistrate Judge Arthur J. Boylan's orders dated March 8 and March 25, 2002, denying Plaintiffs' motion for leave to amend the complaint; denying Plaintiffs' second motion to compel the production of documents; and granting Defendant's motion to compel, for return of privileged documents, and for a protective order. The Defendant opposes Plaintiffs' appeal in all respects. The Court must modify or set aside any portion of the Magistrate Judge's orders found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

FILED MAY 21 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court finds that Magistrate Judge Boylan's orders of March 8 and March 25, 2002, are neither clearly erroneous nor contrary to law.

Based upon the memorandums and submissions of the parties; the Court having reviewed the contents of the files, records, and proceedings herein; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Arthur J. Boylan's order of March 8, 2002 (Doc. No. 115) is **AFFIRMED** in its entirety.

2. Plaintiffs' appeal of that order (Doc. No. 118) is **DISMISSED**.

3. Magistrate Judge Arthur J. Boylan's order of March 25, 2002 (Doc. No. 122) is **AFFIRMED** in its entirety.

4. Plaintiffs' appeal of that order (Doc. No. 126) is **DISMISSED**.

Dated: May 21, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

This litigation has a long and contentious history. At its heart, however, this is a basic, straightforward contract dispute. In 1996, in the context of a patent dispute, the parties entered into a settlement agreement. Under the terms of that agreement, Rosemount agreed to pay

certain technology transfer fees for Century's U.S. Patent No. 5,277,224 ("the '224 patent"); Rosemount agreed to promote Century in specific ways; Rosemount granted Century a free non-exclusive license for another patent; and Century agreed to transfer rights to the '224 patent to Rosemount after the passage of five years. Now, in the present litigation, Century asserts that Rosemount breached its promise to promote Century and that Rosemount fraudulently induced the formation of the contract because Rosemount never intended to promote Century.

This is a contract dispute. Both parties seem intent on raising the issue of the validity or invalidity of the '224 patent, an issue which might have been relevant in the original lawsuit between the parties but which is absolutely irrelevant to the dispute currently before the Court. Much of the discovery squabbling which has transpired in this lawsuit could have been avoided if the parties would keep their attention on the relevant issues and were not constantly seduced by the desire to relitigate the '224 patent. The animosity between the parties, which was conceived in the original patent dispute and which has incubated through six years of strained business relations, seems to have blinded both sides to the relatively simple nature of the present dispute. Magistrate Judge Boylan, through his control over the discovery process, has attempted to contain this litigation, but it behooves the Court to take this opportunity to remind the parties, explicitly, that this litigation is not a forum for airing every grievance, real or imagined, that may exist between the parties. This is a contract dispute, nothing more. The Court will not allow the parties to expend the Court's own valuable time and resources mediating a legally untenable grudge-match.

With the proper focus of the litigation in mind, the Court turns now to the substance of the Magistrate Judge's orders presently on appeal. Judge Boylan's order of March 25, 2002, denied Plaintiffs' motion to compel production of the opinions of Rosemount's counsel as to the

validity of the '224 patent, Rosemount's investigation of and decision not to use non-infringing alternatives to the '224 patent, and complaints filed against Rosemount alleging patent infringement and/or fraud. The Court agrees with Judge Boylan that none of the evidence sought is even remotely relevant to the dispute currently before the Court. Whether the '224 patent was valid or not and whether Rosemount had other alternatives to using the '224 patent technology has no bearing on whether Rosemount intended to and did abide by its side of the settlement agreement. Similarly, the Court cannot conceive that other claims of patent infringement or fraud against Rosemount could be relevant to Rosemount's intentions or actions regarding this particular contract.

The March 25, 2002, order further denied Plaintiffs' request for an order compelling Defendant to disclose "full and complete copies" of responsive documents. Plaintiffs assert that some of the documents produced by the Defendant are incomplete; this assertion is based on Plaintiffs' belief that these documents are not as long as one would generally expect. Defendant's counsel, as officers of the court, have represented to the Court that the full documents have been produced. Plaintiffs have offered no concrete basis to believe that Defendant's counsel have misrepresented themselves to the Court; rather Plaintiffs would have the Court disregard the attorneys' representations to the Court solely on the basis of rank speculation. The Court declines to do that, and Magistrate Judge Boylan's decision not to compel production of documents which, according to Defendant, do not exist is not clearly erroneous.

The Plaintiffs suggest in their appeal that it is fundamentally unfair to allow Defendant to rely on the existence of an alleged opinion of counsel in an affidavit submitted in opposition to a motion for preliminary injunction and then to deny the moving party access to the alleged

opinion of counsel during discovery. Even assuming this evidence may be relevant, which the Court has suggested otherwise above, there may well be evidentiary implications to the Defendant's position taken on these matters such that evidence not disclosed will not be admissible at trial. Oftentimes, there are evidentiary implications at trial to the positions taken by parties during discovery. Those issues are more appropriately addressed at a pretrial conference by way of motions *in limine* in the event the case is not resolved prior to trial.

The March 25, 2002, order further granted Defendant's motions to redesignate certain documents as non-confidential and to order the return of certain inadvertently disclosed confidential documents. The Court has reviewed the Magistrate Judge's decisions on these matters and finds that the decisions are not clearly erroneous.

The March 8, 2002, order at issue denied Plaintiffs' motion to amend the complaint to add claims for deceptive trade practices, punitive damages, and declaratory judgment. The Court finds that the Magistrate Judge's decision was neither clearly erroneous nor contrary to law. As noted by the Defendant in its response to the Plaintiffs' appeal, the Plaintiffs have not alleged facts sufficient to support a claim for punitive damages; the facts of this case are not amenable to provision of injunctive relief–the only relief available under the Minnesota Deceptive Trade Practices Act; amendment of the complaint would unduly expand the scope of discovery and delay resolution of the litigation; and there is no basis for a declaratory judgment claim related to the ownership of the '224 patent because ownership of the '224 patent is the subject of the contract so that the issue of the declaratory judgment claim is already subsumed in the breach of contract and fraud claims. The Magistrate Judge's decision to deny Plaintiffs' leave to amend the complaint is neither clearly erroneous nor contrary to law.

The Court urges both parties to seriously consider the legitimate scope of this dispute and to limit themselves to fighting the battles which are properly before the Court. As stated earlier, the Court will not allow this litigation to turn into "The Case That Ate Cleveland." It is a contract case, nothing more. The parties need to remember that and restrain themselves accordingly.

D.W.F.