**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

CENTURY INDUSTRIES COMPANY, ET AL.,

Plaintiffs,

v.

ROSEMOUNT, INC.,

Defendant.

Civil No. 01-103 DWF/AJB

**ORDER**

---

The above matter came before the Court on Defendant's motion for a protective order. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED that:

1. Defendant's motion is **granted in part and denied in part** [Docket No. 138];
2. Defendant's motion is granted, insofar as it relates to topics 1-2, 4, 6-16, 22-29, 32, 42-46, 49, 53, 55, 61-62, 65-66, 68-71, 73, 77-95, 97-98, 100, 108, 110, 112, 114, 124-25, 128, 130, 132, 139, and 141-58;
3. The rest of Defendant's motion is denied; and
4. Defendant is awarded $1,000 as the reasonable costs incurred to bring its motion.

Dated: 5/23/02

Arthur J. Boylan
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM**

Plaintiffs served a Rule 30(b)(6) notice, which set out 164 separate topics. Defendant

FILED MAY 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

now seeks a protective order limiting the scope of that notice.[1] After reviewing the memorandums and submissions of the parties, and after hearing argument of counsel, the Court concludes that, to a significant degree, Plaintiffs' Rule 30(b)(6) notice seeks information that is unavailable or irrelevant, and is overbroad, unduly burdensome and duplicative.

Defendant represents that topics 4, 22-26, 42-43, 45-46, 53, 55, 61-62, 98, 100, 108, 110, 112, 114, 124-25, 128, 130 and 155 seek unavailable information. Essentially, Plaintiffs' response is: "We don't believe you." This is not the first time Plaintiffs have invited the Court to flatly reject the representations of Defendant's counsel. The Court declines, again.

Defendant objects to topics 44 and 69 because the Court previously denied Plaintiffs' motion to compel documents, which contained said topics. Plaintiffs argue that topics 44 and 69 are appropriate, arguing that the Court merely barred the production of certain documents, but did not bar inquiry into the information in those documents. The Court declines to accept this argument. The Court's March 25, 2002 Order reads in relevant part, "With respect to Plaintiffs' request for documents relating to prior litigation and to possible alternatives to the 3051 platform, Plaintiffs' have failed to demonstrate the relevancy of this *information*." (Docket # 121) (emphasis added).

Plaintiffs contend that 84 of the topics–referred to as "Financial Topics"–seek information that is relevant to damages. In support of their position, Plaintiffs submit the declaration of Mark A. Peterson, a licensed C.P.A., who is in the business of calculating damages in litigation. The Court believes that Mr. Peterson, as an expert in his field, is entitled to at least

---

[1]Defendant does not object to topics 133, 135 and 136.

some deference. However, after reviewing the Financial Topics, and even after giving Mr. Peterson the benefit of doubt, the Court finds that several of these topics are clearly too broad and/or irrelevant. These topics are: 13-16, 29, 32, 49, 69-70, 92-95, and 97. The remaining Financial Topics–some of which are eliminated for other reasons as stated herein–arguably seek appropriate information.[2]

Many topics seek information regarding the Memorandum Of Understanding dated October 10, 1995 and circumstances surrounding its creation, and other events prior to May 6, 1996. Plaintiffs argue that these topics are appropriate because they could uncover evidence of fraudulent intent on May 6, 1996. The Court has studied the at-issue topics and has considered Plaintiffs' argument, and concludes that Plaintiffs' theory is just too speculative and far-fetched. Therefore, the following topics are off limits: 8-12, 68, 73, 91, 132, 141-53, 155-58.[3]

Defendant objects to several topics on the grounds that the topics duplicate prior discovery. Although the Court is not unsympathetic to Defendant's concerns, the Court agrees with Plaintiffs in that there are some topics which, although duplicative, lend themselves to in-person explanation. The Court concludes, however, that several topics are duplicative and are not in need of in-person supplementation. These topics are: 1-2, 6-7, 27-28, 71, 77-78, and 139.

Defendant objects to topics 8-12, 26, 33-38, 68, 73, 79-91, 140-55 and 158 on the grounds that they seek information known to persons who have already been deposed. Plaintiffs

---

[2]This Order should not be taken as a resounding endorsement of Mr. Peterson's proffered methods. Even the Financial Topics, which the Court has allowed to go forward, appear to push the outer boundaries of relevancy. Therefore, even though the Court allows many of the Financial Topics to go forward, the Court cannot say that Defendant's position was not substantially justified.

[3]Although topics 23, 24 and 53 were listed as fraud topics, they were also listed as Financial Topics. Because these topics, according to Defendant, seek unavailable information, the Court need not decide whether they are appropriate Financial Topics.

argue that these topics are appropriate because Defendant refused to designate the previous deponents' testimony as that of Defendant. With respect to topics 79-90, this argument is entirely without merit. If topics 79-90 had been narrowly stated to include a specific *subject matter*, and said subject matter had already been covered by a previous deponent, then Plaintiffs' argument would have some merit because, with respect to said subject matter, Defendant had not yet been deposed in its capacity as an organization. But, it is a misconception of the rules to suggest that the Rule 30(b)(6) deponent(s) should come prepared to talk about everything that a previous deponent knows with respect to an enormous range of information. The Court concludes, however, that Plaintiffs have stated a convincing argument with respect to topics 33-38, 140 and 154.[4] Those topics are narrowly stated.

Defendant also objects to topics 65 and 66 on the grounds that they are unduly burdensome. The Court agrees. These topics are overbroad.

Finally, Defendant objects to topics 11-16, 32, 47, 49 and 154 on the grounds that they seek information subject to the attorney-client privilege or the work-product doctrine. The Court reserves judgment on these objections because, at the time of the deposition, Plaintiffs might be able to phrase questions in such a way as to avoid running afoul with Defendant's privileges. The Court agrees with Plaintiffs, in that Defendant may make arguments of privilege at the time of the deposition.

AJB

[4]Topics 8-12, 26, 68, 73, 79-91, 141-53, 155 and 158 have been eliminated elsewhere.

MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION

In connection with
The Federal Judiciary

# 28th Annual Federal Court Practice Seminar

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

**The Minnesota Chapter of the Federal Bar Association**

c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT ORGANIZATION
U.S. POSTAGE
PAID
Minnespolis, MN
Permit No. 2657

**Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit**

*Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**
**District of Minnesota**

**Judge Robert J. Kressel**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | Registration |
| 8:00-8:15 | Opening Remarks and Welcome, *Judge Ann D. Montgomery* |
| 8:15-9:00 | Securities Law Issues in the Wake of Enron, *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | Current Issues in Employment Law, *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | Morning Break |
| 10:00-10:45 | Current Initiatives in the U.S. Attorneys' Office, *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | Discovery Disputes: Professionalism in the Practice of Law?, *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | Lunch (Room 211) |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | The Clerk's Office Can Be Your New Best Friend, *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How, *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | Issues in the Wake of 9/11: Racial Profiling -- *Daniel M. Scott (U.S. Federal Public Defenders' Office)*; Response by the Department of Justice -- *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | Afternoon Break |
| 3:30-4:15 | Update on Technology Tools for Litigating in Federal Court, *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | Ethics in "Real Life" Practice Situations, *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## Seminar Registration

☐ Member $195.00
☐ Non-Member $225.00

Name ______________________

Firm/Employer ______________________

Address ______________________

______________________

______________________

Phone ______________________

E-Mail ______________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Noting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building